[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion in Limine seeking to prevent the introduction of any evidence concerning an irrevocable trust set up by the defendant prior to his marriage which the defendant claims under the provisions of Tremaine v. Tremaine,235 Conn. 45, can not be considered by the court for purposes of allocation CT Page 13298 or consideration of the corpus as distributable property. The plaintiff on the other hand argues that the nature of the trust is not fully disclosed. That under the laws of the United Kingdom where the trust is sited, the trust is a sham trust and voidable by court action. In addition if it were not, the plaintiff wife is a contingent beneficiary of the trust and as such the court should take that into consideration.
At issue here is whether under Connecticut statutory and case law irrevocable trusts are subject to the court's consideration in determining property and alimony awards in an action for dissolution of marriage. The court has discretionary powers in shaping financial awards at dissolution. The court must consider all the various statutes and recognizing that there may be broad factual issues that bear on the estate of each of the parties.
Furthermore, it would be error on the part of the court to exclude testimony or evidence on any one statutory factor. That the court considers a trust or future interest in its equitable determination does not require the court to distribute the interest. It is the consideration of the property interests which are components of a party's estate evidence of which should be available to the trier of fact. To require exclusion prior to trial of any consideration may not comply with the governing statutes §§ 46b-81 and 46b-82.
The defendant's Motion in Limine is denied.
Kocay, J.